IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PHILLIPPI GREEN**                                                                                   **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 2:13-CV-238-KS-MTP**

**LOGAN'S ROADHOUSE, INC.**                                                     **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the Court **denies** Defendant's Motion to Strike [67] the affidavit [63-7] of Philip Ben Prater.

This is a premises liability case arising from a third-party assault in Defendant's restaurant. Plaintiff was a customer in the restaurant, and he alleges that another customer, Philip Ben Prater, verbally and physically assaulted him. Defendant filed a Motion for Summary Judgment [58]. In support of his Response [63] to the motion, Plaintiff provided an affidavit [63-7] from Prater, his alleged assailant. Defendant filed a Motion to Strike [67] the affidavit because Plaintiff failed to list Prater as a potential witness in his Rule 26 disclosures.

Rule 26 provides: "[A] party must, without awaiting a discovery request, provide to the other parties . . . a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ." FED. R. CIV. P. 26(a)(1)(A)(ii). "A party who has made a disclosure . . . or who has responded to an interrogatory, [or] request for production . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the*

*additional or corrective information has not otherwise been made known to the other parties during the discovery process* or in writing . . . ." FED. R. CIV. P. 26(e)(1)(A) (emphasis added).

The record contains a variety of evidence demonstrating that Prater's identity and alleged role in the events leading to this lawsuit was "otherwise . . . made known" to Defendant "during the discovery process . . . ." *Id.*

- On December 20, 2013, Defendant included Prater in its initial disclosures [71-1], provided his address, and represented that he was "believed to have knowledge concerning . . . the altercation between himself and Plaintiff."

- On February 10, 2014, Defendant obtained a subpoena [71-5] for Prater to testify at a deposition.

- In its interrogatory responses on February 25, 2014, Defendant identified Prater as a potential witness [71-7], and it provided his address and phone number.

- Plaintiff produced his expert's report to Defendant on August 8, 2014, and the report included multiple references to Prater [42, 71-8].

- Defendant produced its expert's report to Plaintiff on September 5, 2014, and the report included multiple references to Prater [51, 71-11].

- During his deposition [71-12] on September 19, 2014, Defendant's expert repeatedly referred to Prater and his involvement in the events leading to this lawsuit.

It is undisputed, therefore, that Defendant knew Prater's identity and his alleged role in the events leading to this lawsuit throughout the entire discovery period. As this information was made known to Defendant during the discovery process, Plaintiff was not required to supplement his disclosures. FED. R. CIV. P. 26(e)(1)(A).

2

Even if Plaintiff had been required to supplement his disclosures, the Court would not strike the affidavit. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When applying Rule 37 and considering sanctions for discovery violations, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. McDonald*, 893 F.2d 787, 790 (5th Cir. 1990)). The Court "should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders," *United States v. Garza*, 448 F.3d 294, 300 (5th Cir. 2006), and it has "broad discretion" in formulating such sanctions. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

Plaintiff provided no reason for his failure to include Prater in his list of potential witnesses. However, Prater's testimony is very important insofar as he was one of the key participants in the events which led to this lawsuit. This is a premises liability case arising from an alleged third-party assault, and Prater was the alleged assailant. Allowing his testimony would not prejudice Defendant in the slightest because they have been aware of his identity and involvement for the entire discovery period. Therefore, even if Plaintiff had been required to supplement his disclosures and

list Prater as a potential witness, the Court would not strike the affidavit.

For these reasons, the Court **denies** Defendant's Motion to Strike [67] the affidavit [63-7] of Philip Ben Prater.

SO ORDERED AND ADJUDGED this 3rd day of December, 2014.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE