IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PHILLIPPI GREEN**                                                                                             **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 2:13-CV-238-KS-MTP**

**LOGAN'S ROADHOUSE, INC.**                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Defendant's Motion for Summary Judgment [58].

### I. BACKGROUND

This is a premises liability case arising from a bar fight at Logan's Roadhouse in Hattiesburg, Mississippi. Plaintiff, a customer of Logan's, was injured by another customer, and he contends that Logan's breached its duty to exercise reasonable care and protect him from a foreseeable injury at the hands of another patron.

Plaintiff's sister, Selena Green, and his girlfriend, Rhonda Browne, went to Logan's to get dinner and wait for Plaintiff to get off from work. They were seated in the bar area, along with one other group of people – the group including the assailant, Phillip Prater. The facts surrounding these events are disputed, but it is clear that Prater left his wallet on a table while he went outside, and the money that was inside it ended up in Green's possession. Logan's staff called the police. An officer responded, took the money from Green, and returned it to Prater. Prater declined to press charges, and the officer left.

Plaintiff arrived and joined his sister and girlfriend. Again, the facts are

disputed, but there was a verbal exchange between Plaintiff's table and Prater's table. The volume and tone of that exchange is disputed, as are the specific words that were exchanged. Regardless, Plaintiff and Prater ended up fighting, and Prater put Plaintiff in a choke hold. The same police officer that had responded to the first call returned to the restaurant and broke up the fight.

Plaintiff was injured, and he subsequently filed this lawsuit against Logan's, alleging that it breached its duty to exercise reasonable care and protect him from a foreseeable injury at the hands of another customer. Defendant filed a Motion for Summary Judgment [58], which is ripe for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra*

*Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

To prevail, Plaintiff must demonstrate the basic elements of a negligence claim: "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) damages; and (4) a causal connection between the breach and the damages, such that the breach is the proximate cause of the damages." *Double Quick, Inc. v. Lymas*, 50 So. 3d 292, 298 (Miss. 2011); *see also Lyle v. Mladinich*, 584 So. 2d 397, 398-99 (Miss. 1991). Defendant argues that Plaintiff can not establish three of the elements of his premises liability claim: duty, breach, and causation. It also argues that Plaintiff has insufficient evidence to support a claim for punitive damages.

*A.   Duty – Foreseeability*

The parties agree that Plaintiff was a business invitee. "[A] proprietor (or owner or operator) of a business owes a business patron or invitee the duty to maintain the premises in a reasonably safe or secure condition." *Lyle*, 584 So. 2d at 399. This duty encompasses "negligent or wrongful attacks on the invitee by other patrons." *Id.* "Although not an insurer of an invitee's safety, a premises owner owes a duty to exercise reasonable care to protect the invitee from reasonably foreseeable injuries at the hands of another." *Lymas*, 50 So. 3d at 298 (quoting *Simpson v. Boyd*, 880 So. 2d 1047, 1051 (Miss. 2004)); *see also Lyle*, 584 So. 2d at 399; *Grisham v. John Q. Long*

*V.F.W. Post, No. 4057, Inc.*, 519 So. 2d 413, 416 (Miss. 1988) (owner liable where he had cause to anticipate the wrongful act of an unruly patron).

"Generally, criminal acts can be intervening causes which break the causal connection with the defendant's negligent act, if the criminal act is not within the realm of reasonable foreseeability." *Lymas*, 50 So. 3d at 298 (citing *O'Cain v. Harvey Freeman & Sons, Inc.*, 603 So. 2d 824, 830 (Miss. 1991)). "In premises liability cases, foreseeability may be established by proving that the defendant had (1) actual or constructive knowledge of the assailant's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence exists on the premises." *Id.* (citing *Corley v. Evans*, 835 So. 2d 30, 38-39 (Miss. 2003)); *see also Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So. 2d 1186, 1189 (Miss. 1994) (applying standard to tavern/bar fight). Ultimately, "[w]hether something is or is not within the realm of reasonable foreseeability depends upon the facts of the case and the duty which the plaintiff asserts for the particular defendant. An independent intervening cause is one that could not have been reasonably foreseen by the defendant while exercising due care." *O'Cain*, 603 So. 2d at 830. Reasonable foreseeability is generally an issue for the trier of fact. *Id.*

Defendant argues that Plaintiff has no evidence demonstrating that it had "actual or constructive knowledge of [Prater's] violent nature" or of "an atmosphere of violence . . . on the premises." *Lymas*, 50 So. 3d at 298. The Court disagrees. The record contains a variety of evidence to support Plaintiff's claim that a physical confrontation was foreseeable for at least some period of time before the fight actually began.

Plaintiff's sister, Selena Green, testified [63-10] that Prater and his companions were loud, belligerent, and visibly intoxicated ten minutes or more before Prater placed Plaintiff in a choke hold. She testified that they used racial slurs, threatened physical violence, and repeatedly challenged Plaintiff's group to "come outside." She also testified that Defendant's assistant manager, Gigi Beard, was standing close enough to hear and see everything that was happening.

Rhonda Browne, Plaintiff's girlfriend, testified [63-9] that Defendant's employees were close enough to observe Prater's group using racial slurs, loudly challenging Plaintiff, and acting belligerently. She said that Prater was visibly intoxicated, and that she and the other members of Plaintiff's group repeatedly asked Defendant's employees to call the police prior to the physical altercation.

Plaintiff likewise testified [63-2] that Prater's group was loud, aggressive, and apparently intoxicated. He said that Prater began using racial slurs several minutes prior to the physical altercation, and that Prater repeatedly challenged him to "come outside." Plaintiff said that Beard, the assistant manager, was close enough to observe everything.

It is undisputed that Prater had been drinking before the physical altercation began. Defendant's server [63-11] and bartender [63-13] testified that Prater had ordered two mixed drinks and two beers, and Prater admitted [63-7] that he had been drinking. Prater also testified [63-7] that Defendant's employees observed the "heated argument" between himself and Plaintiff's party.

Testimony from Defendant's employees also demonstrates that a fight was

5

foreseeable. Leslie Perez, Defendant's bartender, testified [63-13] that there was a lot of "back and forth" between the parties, and that the verbal confrontation became progressively louder before things turned physical. She heard Prater use a racial slur, and that "made [her] snap to attention" because she "knew it was going to be real bad." Perez also testified that Beard was close enough to hear what was said. Additionally, Joseph McClendon, a cook, testified [63-16] that Beard asked him and the other kitchen staff to come out front because a fight was about to happen.

Defendant's assistant manager, Gigi Beard, testified [63-3] that she stayed close to the two parties after the police officer left the first time because she was concerned that an issue could arise and wanted to make sure that "everything stayed calm." She said Prater's group was "agitated that their money was stolen." After the parties began exchanging words, she "knew at that point, [she] was probably fixing to have to call the police to come back." She stated: "When things got a little bit louder, at that point I knew something else needed to happen, and that's when I picked up my phone."

Officer Tammy Hoadley, who responded to both calls, testified [63-12] that she had instructed Prater's party to finish their meal and leave because she believed that something could happen if both parties remained. She said, "the attitude of [Plaintiff's party] and the attitude of the other group was off. When you work the street long enough, you pretty much know when you're going to end up going back."

Finally, Plaintiff's expert witness, John Tisdale, testified [63-4] and provided a report [58-5] in which he stated that the fight was "clearly foreseeable." He cited the aggressive manner and use of racial slurs by the "agitated and intoxicated Prater

6

table." He noted that Defendant's employees "were aware of the verbal exchanges, threats, and racially charged remarks of Prater and the ongoing verbal dispute." He specifically noted Beard's awareness of the "escalating and dangerous" situation and the complaints made to her by Plaintiff's party.

All of this evidence tends to support Plaintiff's claim that a physical confrontation was foreseeable for at least some period of time before the fight actually began. Therefore, a genuine dispute of material fact exists regarding the duty element of Plaintiff's negligence claim.

## B. *Breach – Reasonable Person Standard*

Next, Defendant argues that Plaintiff has no evidence that it breached any duty owed to him. "Ordinarily, breach is determined in reference to the 'reasonable person' standard of care. In other words, when a person fails to act as would a reasonable person under the same or similar circumstances, that person is said to have breached the applicable standard of care." *Davis v. Christian Bhd. Homes of Jackson, Miss., Inc.*, 957 So. 2d 390, 404 (Miss. Ct. App. 2007). Whether Defendant breached its duty "is an issue for the fact-finder to resolve." *Lyle*, 584 So. 2d at 400.

As noted above, Plaintiff presented evidence that his party requested assistance from Defendant's employees numerous times before the confrontation turned physical. Both Selena Green [63-10] and Rhonda Browne [63-9] testified that they asked Defendant's employees to call the police before the fight started, and Gigi Beard testified that she did not call the police until moments before the fight started. Additionally, Selena Greene and Rhonda Browne testified that Defendant's employees

gathered around to watch the fight, and that they laughed, taunted, and cheered in encouragement of Prater. Green specifically testified that some of Defendant's employees said "f— them n—ers up" and "f— 'em up, kill that n—er."

In the Court's opinion, this evidence is sufficient to create a genuine dispute of material fact as to whether Defendant's employees acted as a "reasonable person would under the same or similar circumstances . . . ." *Id.*

### C. Causation

Finally, Defendant argues that Plaintiff has no evidence that its alleged breach of duty caused Plaintiff's injuries. "The proximate cause of an injury is that cause which in natural and continuous sequence unbroken by an efficient intervening cause produces the injury, and without which the result would not have occurred. Proximate cause arises when the omission of a duty contributes to cause the injury." *Grisham*, 519 So. 2d at 417; *see also Lyle*, 584 So. 2d at 400; *Crain*, 641 So. 2d at 1192.

A reasonable juror – if he or she believed the testimony of Selena Green [63-10] and Rhonda Browne [63-9] – could find that Defendant's failure to call the police sooner contributed to Plaintiff's injury. Plaintiff also provided an expert's opinion [58-5] that Beard's failure to defuse the situation through a variety of available methods contributed to Plaintiff's injury. This evidence is sufficient to create a genuine dispute of material fact regarding causation. *Cf. May v. V.F.W. Post #2539*, 577 So. 2d 372, 376 (Miss. 1991) (to show causation, plaintiff required to present evidence that defendant's fulfilling its alleged duty would have prevented attack).

### D. Punitive Damages

Defendant argues that Plaintiff has not presented sufficient evidence to support a claim for punitive damages. Under Mississippi law, punitive damages are available where "the claimant . . . prove[s] by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. § 11-1-65(1)(a).

As noted above, Selena Greene and Rhonda Browne testified that Defendant's employees gathered around to watch the fight, and that they laughed, taunted, and cheered in encouragement of Prater. They also testified that Defendant's employees ignored their requests for help, despite Prater's loud, belligerent, racially-charged threats prior to the physical altercation. In fact, Selena Green testified that Defendant's bartender was laughing at the verbal exchange. In the Court's opinion, this evidence is sufficient to create a genuine dispute of material fact as to whether Defendant "acted with actual malice, [or] gross negligence with evidence a willful, wanton or reckless disregard for the safety of others . . . ." MISS. CODE ANN. § 11-1-65(1).

## IV. CONCLUSION

For the reasons stated above, the Court **denies** Defendant's Motion for Summary Judgment [58].

SO ORDERED AND ADJUDGED this 16th day of December, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE