IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PHILLIPPI GREEN**                                                                                **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO. 2:13-CV-238-KS-MTP**

**LOGAN'S ROADHOUSE, INC.**                                            **DEFENDANT**

**ORDER**

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion in Limine [83].

A.   *"Hate Crime"*

First, Defendant argues that Plaintiff and his counsel should be precluded from referring to the subject assault as a "hate crime." Defendant notes that the United States Department of Justice has not initiated any prosecution, that the alleged assailant is not a party to this case, and that this is a civil matter concerning negligence claims. In response, Plaintiff argues that he should be permitted to tell his version of the story, including its racially inflammatory aspects.

The Court **grants** Defendant's motion in limine as to the term "hate crime." The term is several degrees more inflammatory and potentially prejudicial than a basic recounting of Plaintiff's version of events. Referring to the subject events as a "hate crime" would lend an air of official approval to Plaintiff's version of the story – as if the justice system were signing off on it. The probative value of the term is virtually nonexistent, as this is a civil negligence case. *See* FED. R. EVID. 401, 403; *cf. Foradori v. Captain D's, LLC*, 1:03-CV-669, 2005 U.S. Dist. LEXIS 40606, at *13-*14 (N.D. Miss.

Dec. 6, 2005) (racially charged question on cross-examination was irrelevant to premises liability claims). The Court notes that Defendant only seeks the exclusion of the term "hate crime." Plaintiff may still recount the alleged use of racial slurs and his beliefs regarding Defendant's motivations. Barring use of the term "hate crime" will not prevent Plaintiff from providing his version of the story.

### B.     *Crime Statistics*

Defendant also argues that the Court should exclude all evidence and/or reference to crime statistics or prior crimes from the geographical area of the subject Logan's restaurant. Plaintiff represented that he has no intention of offering such evidence. Therefore, the Court **grants** this aspect of Defendant's motion as unopposed.

### C.     *"Bar"*

Defendant argues that Plaintiff should be precluded from referring to the subject Logan's restaurant as a "bar." Defendant contends that it is, rather, a "family restaurant with a bar area." The Court **denies** this aspect of Defendant's motion.

The name of the restaurant in question is "Logan's Roadhouse." A "roadhouse" is, in common parlance, a bar. Furthermore, it is undisputed that the restaurant has a bar at which alcoholic beverages are sold. Defendant offers beer, wine, mixed drinks, specialty cocktails, and a happy hour special. One of the key witnesses in this matter is Defendant's "bartender." Defendant will be free to elicit testimony which clarifies that the location is *more* than a bar. Indeed, Plaintiff's own expert offered such testimony. But Defendant can not avoid mention of the bar altogether – particularly in light of its own branding, and the alcohol-fueled circumstances leading to this case.

### D. Past Conduct

The Court **grants** Defendant's motion in limine as to any previous lawsuits, regulatory complaints, judgments, verdicts, investigations, consumer demands, and/or audits – at least in the liability phase of trial. Such matters are wholly irrelevant to Plaintiff's claim that Defendant was negligent here. FED. R. EVID. 401; *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 287 (5th Cir. 1987); *Fowler v. State Farm Fire & Cas. Co.*, 2008 WL 3050417, at *5-*6 (S.D. Miss. July 25, 2008); *GuideOne Mut. Ins. Co. v. Rock*, 1:06-CV-218-SA-JAD, 2009 WL 2252206, at *7 (N.D. Miss. July 28, 2009). However, the Court does not rule out the possibility of admitting such evidence for rebuttal or impeachment purposes, *Moorhead*, 828 F.2d at 287, and such evidence would be admissible if the case proceeds to a punitive damages phase. *See* MISS. CODE ANN. § 11-1-65(1)(f)(ii).

### E. Net Worth

The Court **grants** Defendant's motion in limine as to any evidence of its net worth or financial status – at least in the liability phase of trial. Such evidence is irrelevant to Plaintiff's negligence claims. FED. R. EVID. 401; *Fowler*, 2008 WL 3050417 at *2; *Beck v. Koppers, Inc.*, 2006 WL, 924040, at *1 (N.D. Miss. Apr. 7, 2006). However, such evidence would be admissible if the case proceeds to a punitive damages phase. *See* MISS. CODE ANN. § 11-1-65(1)(e). The Court further notes that Plaintiff has no intention of offering such evidence during the liability phase of trial.

### F. Number of Attorneys, Their Residence

The Court **grants** Defendant's motion in limine as to any argument or reference

to the number of Defendant's attorneys or their residence. Such evidence is irrelevant to Plaintiff's negligence claims and might be used to engender unfair bias or prejudice against Defendant. FED. R. EVID. 401; *Beck*, 2006 WL 924040 at *3.

### G. *The "Golden Rule"*

The Court **grants** as unopposed Defendant's motion in limine as to any appeals for the jury to place themselves in the place of Plaintiff.

### H. *Logan's Residence*

The Court **grants** Defendant's motion in limine as to any evidence or allusion to Defendant's status as an out-of-state corporation. Such information is irrelevant to Plaintiff's negligence claims. FED. R. EVID. 401; *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732-33 (5th Cir. 2011) (arguments which appeal to geographical location are intended to prejudice the jury against an out-of-state corporation); *Beck*, 2006 WL 924040 at *3.

SO ORDERED AND ADJUDGED this 14th day of January, 2015.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE