IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


**PHILLIPPI GREEN**                                                                                    **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 2:13-CV-238-KS-MTP**

**LOGAN'S ROADHOUSE, INC.**                                                           **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the Court **grants** Defendant's Rule 39(b) Motion [89] for Jury Trial.

*A.     Background*

On October 25, 2013, Plaintiff filed his initial Complaint [1], and he did not demand a jury trial. On October 28, 2013, he filed an Amended Complaint [3], and he did not demand a jury trial. On November 18, 2013, Defendant filed its Answer [8], and it did not demand a jury trial.

On January 17, 2014, the Magistrate Judge held a Case Management Conference. There is no record of the conference,[1] and the parties disagree as to what was said. Regardless, after the conference the Magistrate Judge entered a Case Management Order [12] designating the case as a jury trial.

On February 18, 2014, Plaintiff filed a Second Amended Complaint [18], and he did not demand a jury trial. Defendant filed an Answer [24] on March 4, 2014, and it did not demand a jury trial.

---

[1] Of course, the parties and their counsel disagree as to what was said at the conference. In the absence of a transcript, the Court declines to rely on any counsel's recollections.

The Clerk's office designated this case as a bench trial in the Court's electronic filing system.

After Defendant filed its Motion in Limine [83] on December 31, 2014, Plaintiff's counsel contacted the Court to notify it of the parties' apparent disagreement as to whether the case would be tried in a jury or bench trial. The Court held a teleconference on January 8, 2015, noted that there was no jury demand in the record, and directed Defendant to file a Rule 39(b) motion if it desired a jury trial. Defendant filed its motion [89], which the Court now considers.

## B. *Discussion*

"On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." FED. R. CIV. P. 38(b). Generally, the answer is considered to be the operative pleading under Rule 38(b). *See, e.g. McFarland v. Leyh*, 52 F.3d 1330, 1339 (5th Cir. 1995); *McCorstin v. U.S. Dep't of Labor*, 630 F.2d 242, 244 (5th Cir. 1980). Defendant did not file a written demand for a jury trial within fourteen days after filing its Answer [24].[2] Therefore, Defendant

---

[2] "[A]n amended or supplemental pleading that merely restates issues previously raised does not revive the right to demand a jury trial when one had not been earlier demanded." *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653 (5th Cir. 1984). "A complaint raises an issue only once within Rule 38(b)'s meaning – when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial." *Id.* The parties did not address whether Plaintiff's Second Amended Complaint [18] presented new issues – presumably because Defendant's jury demand was untimely regardless of which answer

waived its right to a jury trial. FED. R. CIV. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed.").

However, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). "[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964); *see also Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (a Rule 39(b) request "should be favorably received unless there are persuasive reasons to deny it"). The Court considers five factors when addressing a Rule 39(b) motion:

> (1) whether the case involves issues best tried by a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Ozene v. Lab. Corp. of Am.*, No. 1:09-CV-183-HSO-JMR, 2009 WL 2185452, *1 (S.D. Miss. July 17, 2009) (citing *Daniel Int'l Corp.*, 916 F.2d at 1064). Under Rule 39(b), "the court has a broad discretion in determining whether to relieve a party from waiver of jury trial . . . ." *Swofford*, 336 F.2d at 408.

The first factor – whether the case involves issues best tried by a jury – weighs heavily in favor of a jury trial. This is a premises liability case arising from a third-party assault. The "operative issues [are] well within the comprehension of a jury."

---

provides the point of reference for Rule 38.

*Daniel Int'l Corp.*, 916 F.2d at 1064. Plaintiff's claims sound in negligence, the sort "typically within the province of a jury . . . ." *Ozene*, 2009 WL 2185452 at *2. Indeed, this case is a quintessential jury case, involving several genuine disputes of relevant and material fact.

Plaintiff argues that the case is not the sort which should be tried before a jury because it involves the use of inflammatory racial epithets, which Plaintiff contends may inflame and mislead the jury. However, juries routinely hear cases involving racially charged subject matter. For example, employment discrimination claims are a staple of federal trial courts. The Court's instructions are sufficient to avert any potential prejudice.[3]

As for the second factor, granting Defendant's motion would not disrupt the Court's schedule, as the Court assumed that this was a jury trial until Plaintiff's counsel raised the issue after the first of the year. Plaintiff represents that he had planned to provide video of deposition testimony, but that he would have to call live witnesses if the case were tried before a jury. He does not know whether his witnesses will be available, but they reside here in Hattiesburg, Mississippi, rather than out of state. Although the Court set a default civil trial term in the scheduling order [12], its customary practice is to set a firm trial date at the pretrial conference with the input of counsel. Therefore, Plaintiff's scheduling concerns can be adequately addressed, and

---

[3]Plaintiff's argument regarding inflammatory racial epithets rings somewhat hollow as Plaintiff's own witnesses will likely provide the potentially inflammatory testimony. *See Green v. Logan's Roadhouse, Inc.*, No. 2:13-CV-238-KS-MTP, 2014 U.S. Dist. LEXIS 173431, at *5-*10 (S.D. Miss. Dec. 16, 2014).

this factor weighs in favor of granting Defendant's motion.

The Court will assume that the third factor – the degree of prejudice to the adverse party – weighs in favor of denying Defendant's motion.

The fourth factor – the length of delay in having requested a jury trial – weighs in favor of denying Defendant's motion. Defendant's jury demand should have been filed by March 18, 2014, at the latest. FED. R. CIV. P. 38(b). Instead, Defendant filed a Rule 39(b) motion on January 9, 2015 – over nine months after a jury demand should have been filed.

The final factor – Defendant's reason for waiting so long to demand a jury trial – weighs heavily in favor of granting the motion. On January 17, 2014, the Court entered a Case Management Order [12] providing that this case would be tried by a jury. Defendant argues that it relied upon the Court's Order [12] and assumed that the case would be tried by a jury. Although Defendant should have paid closer attention to the pleadings, it can not be faulted for relying on the Case Management Order [12]. Indeed, until receiving notice of the parties' disagreement on this issue, the undersigned judge assumed that the case would be tried by a jury. The Court's actions led Defendant to believe that there had already been a jury demand. That is a sufficient reason for Defendant's delay in filing a jury demand.[4]

---

[4]*Cf. Pinemont Bank v. Belk*, 722 F.2d 232, 236-37 (5th Cir. 1984) (counsel inadvertently marked jury box on cover sheet and clerk's office flagged case as jury trial on docket; district court believed the case would be tried to a jury; no strong and compelling reason to deny Rule 39(b) motion); *Prudhomme v. Tenneco Oil Co.*, 955 F.2d 390, 394 (5th Cir. 1992) (where an "action of the district court misled [a] . . . party or lulled it into inaction to its prejudice," the district court abused its

*C.     Conclusion*

Three of the five factors weigh in favor of granting Defendant's Rule 39(b) motion, and Plaintiff has not offered any "strong and compelling reasons" to deny the motion. *Swofford,* 336 F.2d at 409. Furthermore, the record suggests that Defendant sat on its right to demand a jury in reliance on the Court's Case Management Order [12]. Therefore, the Court **grants** Defendant's Rule 39(b) Motion [89] for Jury Trial.

SO ORDERED AND ADJUDGED this 21st day of January, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

discretion by going to trial on previously undisclosed legal theory).