IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PHILLIPPI GREEN**                                                  **PLAINTIFF**

**V.**                      **CIVIL ACTION NO. 2:13-CV-238-KS-MTP**

**LOGAN'S ROADHOUSE, INC.**                                 **DEFENDANT**

### ORDER

The Court provided an extensive discussion of the facts of this case in its previous opinion. *See Green v. Logan's Roadhouse, Inc.*, No. 2:13-CV-238-KS-MTP, 2014 U.S. Dist. LEXIS 173431 (S.D. Miss. Dec. 16, 2014). For the reasons stated below, the Court **grants in part and denies in part** Plaintiff's Motion in Limine [88].

### A. *Timeliness*

Defendant argues that Plaintiff's Motion in Limine [88] was filed out-of-time. Local Rule 7 provides that "[m]otions *in limine* other than those challenging another party's expert must be filed no later than fourteen calendar days before the pretrial conference . . . ." L.U.Civ.R. 7(b)(2)(D). Plaintiff filed his motion [88] on January 7, 2015 – fifteen days prior to the pretrial conference currently scheduled for January 22, 2015 [86]. Therefore, the Motion in Limine [88] was timely filed.

### B. *Hearsay*

Defendant also argues that Plaintiff's Motion in Limine [88] relies upon inadmissible hearsay that should not be considered by the Court in ruling on the Motion in Limine [88]. However, "[t]he court must decide any preliminary question about whether . . . evidence is admissible. In so deciding, the court is not bound by

evidence rules, except those on privilege." FED. R. EVID. 104(a).

*C.     "Crime"*

All of Plaintiff's *in limine* requests relate to the wallet incident previously described by the Court. *Green*, 2014 U.S. Dist. LEXIS 173431 at *1-*2. Defendant contends that Selena Green (Plaintiff's sister and one of his key witnesses) stole the money from a wallet belonging to Phillip Prater (the third-party assailant), and that the subject bar fight would not have occurred but for Green's actions. Plaintiff contends that Green did not steal the money, but was merely holding it in case the owner was found. Accordingly, Plaintiff argues that Defendant should be precluded from referring to the wallet incident as a "crime."

The Court grants this aspect of Plaintiff's motion for the same reasons it granted Defendant's motion in limine as to use of the phrase "hate crime." *See Green v. Logan's Roadhouse, Inc.*, No. 2:13-CV-238-KS-MTP, 2015 U.S. Dist. LEXIS 4274, at *1-*2. As the Court previously said, using the term "crime" is more inflammatory and potentially prejudicial than a basic recounting of Defendant's version of events. Referring to the events as a "crime" would lend an air of official approval to Defendant's side of the story – as if the justice system were signing off on it. The probative value of the term is negligible, as this is a civil case and no criminal charges were filed related to Green's acquisition of Prater's money. The jury can draw its own conclusions about Green's actions when provided the bare facts, and barring use of the term "crime" does not prevent Defendant from providing its version of the story.

*D.     "Thief" or "Criminal"*

Plaintiff also argues that Defendant should be barred from referring to Plaintiff, Selena Green, or Rhonda Browne as a "thief" or "criminal" at any point during the trial. The Court grants the motion insofar as it expects all counsel to refrain from calling any parties, counsel, or witnesses names or otherwise engaging in abusive behavior not befitting an officer of the Court.

*E.     Testimony from Others that Green "Stole" the Wallet*

Plaintiff argues that Defendant should be barred from eliciting any testimony that would indicate that Plaintiff, Selena Green, or Rhonda Browne stole any money. The Court denies this request. The record contains evidence that Green stole Prater's money, and the evidence is relevant to the issue of causation. FED. R. EVID. 401; *cf. Scott v. Goodman, Miss.*, 997 So. 2d 270, 275 (Miss. Ct. App. 2008) (where plaintiff contributed to the altercation, the third party's actions could not have been reasonably foreseeable). If the Court is going to allow Plaintiff to tell his side of the story and claim that Defendant's employees acted or failed to act because of his race, then it will likewise allow Defendant to tell its side of the story and claim that the fight would not have occurred if Defendant's sister had not stolen the assailant's money.[1]

*F.     Testimony from Green that She "Stole" the Wallet, Was "Dishonest"*

Finally, Plaintiff argues that the Court should preclude Defendant from eliciting

---

[1] The Court also assumes that Plaintiff intends to call Green as a witness. If that is the case, Rule 608 comes into play. *See* FED. R. EVID. 608 (providing that a witness's credibility may be attacked or supported by evidence of specific instances of conduct that are probative of a witness's character for truthfulness or untruthfulness).

3

testimony from Plaintiff, Green, or Browne that indicates they were dishonest, that they were thieves, or that they stole Prater's money. The Court denies this request for the reasons previously provided.

    SO ORDERED AND ADJUDGED this 21st day of January, 2015.

                                 *s/Keith Starrett*
                                 UNITED STATES DISTRICT JUDGE