IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PHILLIPPI GREEN                                                                    PLAINTIFF

V.                                                  CIVIL ACTION NO. 2:13-CV-238-KS-MTP

LOGAN'S ROADHOUSE, INC.                                                  DEFENDANT

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiff's Motion to Strike [125] **as moot**, **overrules in part and sustains in part** Plaintiff's objections [120, 123] to Defendant's Bill of Costs [119], and **denies** Plaintiff's Motion for Clarification [121] **as moot**. Plaintiff is hereby taxed $4,946.64 of Defendant's requested costs.

District Courts have "broad discretion in taxing costs . . . ." *Brazos Valley Coalition for Life, Inc. v. City of Bryan*, 421 F.3d 314, 327 (5th Cir. 2005). Pursuant to statute, the Court may tax a variety of costs, including fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, and docket fees. 28 U.S.C. § 1920. "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.

A.     *Motion to Strike [125]*

Defendant initially failed to include an affidavit in support of its Bill of Costs [119], as required by 28 U.S.C. § 1924. Plaintiff objected to taxation of costs on that basis [120, 121, 123], and Defendant attached an affidavit in its reply [124-2] to Plaintiff's objection. Plaintiff responded with a Motion to Strike [125] the affidavit, arguing that Defendant is now procedurally barred from providing it.

Any requirement of a sworn affidavit under United States law may be satisfied "with like force and effect" by an unsworn declaration subscribed as true under penalty of perjury. 28 U.S.C. § 1746. On the Bill of Costs [119], Defendant's attorney signed an unsworn declaration which contains language mirroring that provided in Section 1746: "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Therefore, according to 28 U.S.C. § 1746, the declaration satisfies 28 U.S.C. 1924's affidavit requirement. *See Trammell Real Estate Corp. v. Trammell*, 748 F.2d 1516, 1518 (11th Cir. 1984) (district court abused discretion by requiring separate affidavit where counsel provided an unsworn declaration under penalty of perjury); *Bittakis v. City of El Paso*, 2007 U.S. Dist. LEXIS 49127, at *5-*6 (S.D. Tex. June 28, 2007).[1] Accordingly, the Court denies Plaintiff's

---

[1]The Court additionally notes that it has the discretion to permit Defendant to cure its initial failure to provide an affidavit. *See Morrissey v. County Tower Corp.*, 568 F. Supp. 980, 981 (E.D. Mo. 1983); *Streicher v. Hous. Auth. of Savannah*, 2008 U.S. Dist. LEXIS 43335, at *2 n. 1 (S.D. Ga. June 3, 2008). Plaintiff has provided no reason why Defendant should not be permitted to supplement its initial application for costs.

Motion to Strike [125] as moot.

## B. *Deposition Transcripts*

Plaintiff objects to Defendants' application for the costs of deposition transcripts. The Fifth Circuit provided the following summary of the law governing recovery of costs of deposition transcripts:

> [P]revailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were "necessarily obtained for use in the case." Although some courts have disagreed, we have consistently held that a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case." If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs. Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court.

*Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991) (citations, punctuation, footnotes omitted). According to Defendant's invoices [124-1], it purchased an original transcript of the following depositions: Phillippi Green, Kelly Davis, and Tammy Hoadley. It also purchased a copy of the following depositions: Gigi Beard, Leslie Perez, Joseph McClendon, James Griffin, Felix Cheatum, Selena Green, Rhonda Brown, Charlie Bradley, Dr. Geralyn Datz, Dr. Brian Humphreys, Dr. Lynn Bell, and John Tisdale.

First, Plaintiff argues that Defendant is not permitted to recover the cost of copies of transcripts taken by Plaintiff. This objection is without merit. The Fifth Circuit has specifically held that "a deposition copy . . . may be included in taxable

3

costs." *Fogleman*, 920 F.2d at 286. Here, the invoices indicate that Defendant purchased one copy of each transcript. Some were original transcripts of depositions taken by Defendant, and some were copies of transcripts taken by Plaintiff. Whether the transcript was taken by Defendant or Plaintiff is irrelevant to its necessity or usefulness; Defendant could reasonably be expected to use a transcript in preparation for trial regardless of who noticed and conducted it.

Next, Plaintiff argues that Defendant failed to demonstrate that the deposition transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This objection is also meritless. Defendant provided an affidavit from its counsel [124-2] attesting that the transcripts were "necessarily incurred in this case." Defendant relied upon the transcripts of the depositions of Phillippi Green [58-1], Gigi Beard [58-3], John Tisdale [58-4], Kelly Davis [66-1], and Leslie Perez [95] in various motions. *See Brazos Valley*, 421 F.3d at 328 (where depositions were incorporated as evidence on summary judgment, district court did not abuse discretion in awarding court reporter fees).

Additionally, the Pretrial Order [110] identified Phillippi Green, Selena Green, Rhonda Browne, Joseph McClendon, Felix Cheatum, Kelly Davis, Gigi Beard, Tammy Hoadley, James Griffin, Leslie Perez, John Tisdale, Dr. Geralyn Datz, Dr. Brian Humphreys, Dr. Lynn Bell, and Charlie Bradley as potential witnesses at trial. Of these, Selena Green, Rhonda Browne, Dr. Geralyn Datz, Dr. Lynn Bell, and Dr. Brian Humphreys were designated to testify by deposition. Phillippi Green, Felix Cheatum, Gigi Beard, Leslie Perez, Joseph McClendon, James Griffin, Tammy Hoadley, John

4

Tisdale, and Kelly Davis provided live testimony [112, 113], while Selena Green, Dr. Brian Humphreys, and Rhonda Browne testified by video deposition [112]. Finally, both Defendant and Plaintiff frequently used deposition transcripts for impeachment purposes throughout trial.

In summary, the record overwhelmingly demonstrates that the deposition transcripts were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and Defendant may recover the full $4,743.50 in costs.

## C. *Printing Costs*

Among other things, Plaintiff argues that Defendant failed to demonstrate that its $1,565.99 in copying and printing fees were necessarily incurred for use in the case. "Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation. Moreover, the party seeking such costs must offer some proof of the necessity." *Holmes ex rel. Estate of Homes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *see also Fogleman*, 920 F.2d at 286. While it is not necessary "to identify every xerox copy made for use in the course of legal proceedings," one must demonstrate "that reproduction costs necessarily result from that litigation." *Fogleman*, 920 F.2d at 286.

Defendant's "itemization" in briefing [124] does not identify what was copied. It only provides the dates, numbers of pages, and amount charged. Therefore, the Court has no way of determining whether the copies were necessarily obtained for use in the case, and it must sustain Plaintiff's objection. *See id.* (where it was impossible to tell whether the copies were necessarily obtained for use in the case rather than for the

5

convenience of counsel, costs should not be taxed).

## D.   *Witness Fees*

Plaintiff objects to Defendant's application for $2,318.14 of witness fees and mileage. First, Defendant requests $2,000.00 for the deposition attendance fee charged by Plaintiff's expert, John Tisdale. Generally, "expert fees are not recoverable." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *see also Holmes*, 11 F.3d at 64 (party could not recover expert witness fees for trial attendance beyond the travel costs and fee allowed by statute); *Walker v. Borden, Inc.*, 115 F.R.D. 471, 473 (S.D. Miss. 1986); *Weckesser v. Chi. Bridge & Iron*, 1:08-CV-357-LG-RHW, 2011 U.S. Dist. LEXIS 4216, at *5 (S.D. Miss. Jan. 10, 2011) (limiting expert fees to $40 per day allowed by statute). Therefore, the Court disallows all but $40.00 of Tisdale's $2,000.00 fee. *See* 28 U.S.C. § 1821(b).

As for the remaining witnesses – Leslie Perez, Tammy Hoadley, Kelly Davis, and Alise Bryant – Plaintiff first argues that Defendant can not obtain their fees and mileage because they were also subpoenaed by Plaintiff. This objection has no merit. "Defendant had a right to protect its case at trial," and it was not obligated to rely upon Plaintiff to subpoena the witnesses it believed necessary to its case. *Pate v. General Motors Corp.*, 89 F.R.D. 342, 345 (S.D. Miss. 1981) (permitting witness fees where both parties subpoenaed the same witnesses).

Next, Plaintiff argues that Defendant can not obtain fees and mileage for Perez, Hoadley, Davis, and Bryant because Defendant did not call them at trial. Defendant did, in fact, call Davis as a witness [113]. As for Hoadley and Perez, Defendant

6

examined them during Plaintiff's case in chief [112], and it was presumably unnecessary to call them again. *Id.* (allowing witness fees where prevailing party did not call witnesses, but questioned them during opposing party's case in chief). Neither party called Alise Bryant. "The presumption is, absent some reasonable explanation, that when a witness is subpoenaed to the trial, but is not called to the witness stand, he is not a necessary witness." *Ill. Cent. R.R. v. Harried*, No. 5:06-CV-160-DCB-JMR, 2011 U.S. Dist. LEXIS 9984, at *12 (S.D. Miss. Jan. 25, 2011) (citing *Miss. Chem. Corp. v. Dresser-Rand Co.*, 2000 U.S. Dist. LEXIS 21965, 2000 WL 33725123, *15 (S.D. Miss. Sept. 12, 2000)). Defendant provided no explanation for why Bryant was not called at trial, and the Court presumes that she was not a necessary witness.

For these reasons, the Court disallows the fees and mileage for Alise Bryant, and it disallows all but $40.00 of the fee charged by John Tisdale. The Court allows the fees and mileage for Leslie Perez, Tammy Hoadley, and Kelly Davis. Defendant may recover $203.14[2] for witness fees and mileage.

### E. Conclusion

For the reasons above, the Court **denies** Plaintiff's Motion to Strike [125] **as moot**, **overrules in part and sustains in part** Plaintiff's objections [120, 123] to Defendant's Bill of Costs [119], and **denies** Plaintiff's Motion for Clarification [121] **as moot**. Plaintiff is hereby taxed $4,946.64[3] of Defendant's costs.

---

[2]$2,318.14 (requested amount) – $1,960.00 (Tisdale fee) – $155.00 (Bryant fee & mileage) = $203.14

[3]$4,743.50 (transcripts) + $203.14 (witness fees & mileage) = $4,946.64

7

SO ORDERED AND ADJUDGED this 7th day of May, 2015.


				s/ Keith Starrett
				UNITED STATES DISTRICT JUDGE